NATIONAL LAND CO. v. TERNES.

1. APPEAL AND ERROR—AMENDMENT—MORTGAGES—FORECLOSURE—REDEMPTION.

In suit by grantee of vendor's interest in property theretofore sold under land contract to cancel purchase-money mortgage wherein plaintiff relied upon an alleged agreement between defendants and a purchaser's assignee whereby balance due under land contract was reduced, denial of amendment to bill of complaint offered in open court whereby plaintiff sought right to redeem from sale hitherto had under statutory foreclosure by defendants after expiration of equity of redemption if court found alleged agreement invalid was not error.

2. MORTGAGES—VENDOR INTEREST IN LAND CONTRACT—FRAUD—EVIDENCE.

In suit by grantee of vendor's interest in property theretofore sold under land contract to cancel purchase-money mortgage because of alleged misrepresentation as to amount due vendor under the contract, finding of court that plaintiff had failed to sustain burden of establishing fact of defendants' execution of alleged agreement reducing amount due under land contract so as to render photostatic copy of such agreement competent evidence of contents thereof *held,* sustained by record where denial of execution by defendants had been made under oath.

3. SAME—CANCELLATION OF PURCHASE-MONEY MORTGAGE—EQUITY.

Grantee of vendor's interest in property theretofore sold under land contract which had given a purchase-money mortgage in the amount of $29,500 *held,* not entitled to relief in its suit to cancel such mortgage because of alleged misrepresentations as to amount due under land contract where it failed to prove existence of agreement granting a reduction in amount due under the contract and had an investment of $647.50 in the property, $147.50 of which was paid as a mortgage tax and $500 to holder of option.

Appeal from Wayne; Moll (Lester S.), J. Submitted June 6, 1941. (Docket No. 10, Calendar No. 41,595.) Decided June 30, 1941. Rehearing denied September 2, 1941.

Bill by National Land Company, a corporation, against Mary Ternes and others to cancel a mortgage and for an accounting. Bill dismissed and leave to amend denied. Plaintiff appeals. Affirmed.

*Harris W. Wienner,* for plaintiff.

*Edmund J. Stafford,* for defendants.

CHANDLER, J. On April 1, 1925, the defendants herein, being the owners of certain property in the City of Detroit, entered into a land contract for the sale thereof to the Stormfeltz-Lovely Company for a consideration of $350,000, $40,000 of which was paid down and the balance was to be paid within seven years. By various assignments the vendee's interest passed into the hands of one Samuel L. Kavanau who assumed and agreed to carry out the terms of the contract.

On December 30, 1936, the Stormfeltz-Lovely Company obtained from defendants an option to purchase the vendors' interest in the property in question for the sum of $30,000. On January 14, 1937, the company assigned its interest in this option to William W. Schenck for a consideration of $500. Schenck acquired this assignment on behalf of a corporation to be, and which was, subsequently formed, known as the National Land Company, the plaintiff herein.

On March 16, 1937, the defendants pursuant to this option, and the assignment thereof, gave a quitclaim deed of the property, and assigned their

vendors' interest in the land contract to the plaintiff. In consideration of which, plaintiff gave to defendants a purchase-money mortgage to secure the balance due, pursuant to the option, in the sum of $29,500.

The assignment by defendants of the land contract recited that the original contract had been reduced in principal to $170,177.78, and that that agreement had in turn been modified by certain amendments respectively executed and dated April 2, 1932, March 12, 1932, and January 19, 1933, relating to extension of time for making payments and manner and costs of obtaining releases. This assignment of the land contract also contained the following provision: "The modification of January 19, 1933, providing for reduction of unpaid principal to $100,000 to be paid in annual instalments of $20,000 each beginning April 1, 1935, with interest from and after April 1, 1933, payable semiannually thereafter."

Soon after acquiring title and assignment of the vendors' interest in the contract, plaintiff contacted Kavanau and requested him to make payments thereon. Further demands were made upon Kavanau by plaintiff but without success. On May 7, 1937, plaintiff, by Schenck, again demanded payment of Kavanau. At this time Kavanau gave to Mr. Schenck a photostatic copy of what Kavanau claimed was an agreement with defendants modifying the terms of the contract, by virtue of which he claimed he was obliged to make no payments at that time. This photostat, which bore date March 11, 1935, provided for waiver of all defaults, and further that no payments were to be made except for release of lots which were in the amount of $100 for residence lots and $65 for business lots. If there was in fact such an agreement, the total balance due on said contract

would be the aggregate sum of these release prices, which totaled only $48,490.

Plaintiff showed to the defendants the photostat it had received. Defendants denied that they had ever made such an agreement and denied that the signatures as shown by the photostat were theirs.

The mortgage given by plaintiff to defendants by its terms was to be payable $6,500 each year. Plaintiff advised defendants that it would not make any payments on the mortgage until some determination was had as to the validity of Kavanau's claim.

Plaintiff made attempts to enforce the original contract against Kavanau by bringing actions to foreclose the same. The first action was dismissed because of plaintiff's inability to pay a $1,500 mortgage tax necessary to be paid in order to entitle the contract to be received in evidence. Subsequently another action was taken against Kavanau but plaintiff was unable to obtain service as the record shows the whereabouts of Kavanau were unknown. In fact there was evidence in the case that Kavanau had become a fugitive from justice. The plaintiff never paid any principal or interest on the mortgage and also defaulted in payment of taxes. Sometime during the winter or spring of 1939 defendants commenced foreclosure of their purchase-money mortgage by advertisement. It is the claim of the plaintiff that it did not know of the foreclosure proceedings until February, 1940, when one of their agents interviewed defendant's attorney and the agent was advised at that time that the mortgage had been foreclosed, and that there were only three or four months left in which to redeem.

Plaintiff on May 10, 1940, about the time the equity of redemption expired, filed the bill of complaint in this cause praying for the following relief: that the purchase-money mortgage executed by plaintiff to

defendants be declared null and void, and that the foreclosure sale be likewise decreed null and void, and for an accounting by defendants of the difference between the amount represented by defendants to be the balance due under the land contract and the amount actually due or to become due thereunder under the alleged contract between defendants and said Kavanau, less the sum representing the amount of the purchase-money mortgage sought to be canceled.

The defendants for answer to said bill of complaint denied that on March 11, 1935, or at any other time, they entered into an agreement with the said Kavanau whereby the amount outstanding and to become due under said land contract was reduced to the sum of $48,490 or any other amount; denied the making of any agreement with the said Kavanau to modify, alter or amend said land contract in any particular; denied under oath the execution of the written agreement described in plaintiff's bill of complaint, known as Exhibit 12, which plaintiff claimed was evidenced by the photostatic copy hereinbefore referred to, and said answer, under oath, insisted that if such an instrument existed with their names appearing to be signed thereto, that same was a forgery.

It appears from the opening statement by plaintiff's counsel at the time of the hearing in the instant suit in October, 1940, that the sheriff's deed to defendants of the premises in question under their mortgage foreclosure became absolute sometime in May, 1940. The record further shows that prior to the time said sheriff's deed became absolute and before the institution of the present suit the defendants sold and transferred to the Platz Land Company, a corporation, all of their right, title and interest in and to the lands in question subject to

plaintiff's right to redeem and that no redemption was made by plaintiff or tendered prior to the expiration of the time for redemption. The Platz Land Company by reason of their interest in the premises so acquired intervened in this cause and filed their answer to plaintiff's bill of complaint.

When this cause came on for hearing on October 19, 1940, the attorney for plaintiff offered in open court an amendment to the bill of complaint to the effect that, if the court upon the hearing determined that the purported modification agreement entered into between defendants and Kavanau was invalid, the plaintiff be allowed to redeem the premises from the foreclosure upon such terms as might be just and equitable. The court reserved its decision on the offered amendment until the close of the proofs at which time the motion to amend was denied. We find no error on the part of the court in the denial of the proposed amendment.

The case was heard before the Honorable Lester S. Moll, one of the circuit judges in and for the county of Wayne, and upon hearing of said cause the trial judge, after filing his findings of fact and conclusions of law, entered a decree dismissing plaintiff's bill of complaint. It is from this decree that plaintiff appeals.

After carefully reviewing the record and briefs in this case we find that the only question involved is: Were the defendants guilty of any misrepresentation in their dealings with the plaintiff in this case by which they secured from plaintiff the execution of this purchase-money mortgage in the sum of $29,500? The trial judge found that the testimony offered on behalf of plaintiff fell far short of establishing the authenticity of any agreement varying the terms of the original contract involved in this case. Further, that the evidence failed to

establish any connection on the part of the defendants or any of them with any deal with Kavanau, or any one else, not disclosed to the plaintiff; that the photostatic copy of the claimed agreement between defendants and Kavanau was clearly incompetent as substantive proof of its contents and that in order to entitle it to any consideration whatsoever as evidence, it was necessary for plaintiff to establish the execution thereof by defendants, and the defendants having denied the execution thereof under oath, the burden was upon the plaintiff to establish its execution by defendants and this the plaintiff utterly failed to do. These findings are amply supported by the record.

The plaintiff insists that in equity and good conscience it is entitled to some relief. The record discloses that the only amount that plaintiff ever had invested in the lands and contract in question is $647.50, $500 of said amount having been paid to the Stormfeltz-Lovely Company and $147.50 paid as a mortgage tax.

Under the circumstances of this case we do not find that the plaintiff, either as a matter of fact or as a matter of good conscience and equity, is entitled to any relief.

The decree of the court below dismissing plaintiff's bill of complaint is affirmed, with costs to defendants.

SHARPE, C. J., and BUSHNELL, BOYLES, NORTH, STARR, WIEST, and BUTZEL, JJ., concurred.